[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether two members of the Connecticut bar knowingly made a false statement of material fact to the court and failed to inform the court of all material facts known to the lawyers in an ex parte proceeding in violation of Rules 3.3(a)(1) and 3.3(d) of the Rules of Professional Conduct.[1] The circumstances which bring this serious matter before the court are as follows.
On January 16, 2001, Attorney Douglas Daniels and Attorney Dennis Driscoll, who practice in the same law firm, filed with the court an ex parte application for temporary custody and relief from abuse on behalf of Ines Montalvo, the plaintiff in the above-captioned action. The application stated that the plaintiff's two minor children lived with the defendant, their father, in New Jersey and visited with the plaintiff in Connecticut. The application alleged that the children had been physically abused by the defendant and they were in fear of returning to his care in New Jersey. The plaintiff sought an order of temporary custody of the two minor children and an order restraining the defendant from threatening or assaulting the children or entering the plaintiff's residence in Connecticut. The plaintiff's application indicated that another proceeding concerning custody of the children was pending in the Superior Court of New Jersey. The application further stated that a trial on the issues of custody and visitation had occurred before Judge John A. Peterson of the Superior Court of New Jersey and the parties were awaiting a decision.
Upon receiving the application, I conducted an ex parte hearing that same day. I was particularly interested in the issue of whether New Jersey, rather than Connecticut, was the appropriate forum to hear the ex parte application for temporary custody. At the very outset of the hearing, I confirmed with Attorney Daniels that a custody action was pending in New Jersey before Judge Peterson, that a full custody trial had taken place before him and that the parties were awaiting his decision. I also confirmed that the plaintiff was represented by counsel in the New Jersey proceedings. I then repeatedly asked why the ex parte application was not brought before Judge Peterson in New Jersey. The transcript of the ex parte hearing held before me on January 16, 2001 reveals that Attorney Daniels at one point responded as follows: "Mr. Driscoll spoke to counsel in New Jersey and it was her opinion that we should not do it in New Jersey for a number of reasons. None of which I think are flattering to the judiciary there, but we are relying on that."
After further inquiry of Attorney Daniels and the plaintiff, I recessed CT Page 5011 the hearing and telephoned Judge Peterson in New Jersey.[2] Upon reconvening the hearing after consultation with Judge Peterson, I issued an emergency order under the Uniform Child Custody Jurisdiction and Enforcement Act[3] granting the plaintiff temporary custody of the minor children until January 19, 2001 when Judge Peterson agreed to hold a hearing in New Jersey as to whether an order of temporary custody should continue in effect.
On February 5, 2001, I received a letter dated January 30, 2001 from Attorney Veronica Davis, a member of the New Jersey bar, who was counsel for Ines Montalvo in the custody proceeding pending in New Jersey. Attorney Davis claimed in her letter that Attorneys Daniels and Driscoll made misrepresentations to me in court regarding a conversation with her and she requested that they be sanctioned.
A hearing was held on March 16, 2001 on whether Attorneys Daniels and Driscoll violated their professional obligations to the court. Attorney Driscoll, Attorney Davis and Ms. Montalvo testified at the hearing. Based on the evidence presented at the hearing, I find the following facts.
Attorney Driscoll, who is an associate in Attorney Daniel's law firm, met with Inez Montalvo on January 15, 2001 at the request of Attorney Daniels. Attorney Driscoll was informed by Ms. Montalvo that a trial in a custody action in New Jersey had been held in October 2000 and the parties were awaiting a decision by Judge Peterson. Driscoll also learned that Montalvo was represented in the New Jersey action by Attorney Davis.
Attorney Driscoll spoke with Attorney Davis by telephone on January 15. Critical facts with respect to that telephone conversation are not in dispute. In his testimony before this court, Attorney Driscoll admitted that Attorney Davis told him that she believed that New Jersey, not Connecticut, had jurisdiction over the matter. Driscoll also testified that Davis stated that an emergency application for temporary custody should not be brought in either Connecticut or New Jersey because the filing of such an action would anger Judge Peterson and jeopardize the pending custody decision. It is undisputed that it was Attorney Davis' strong preference that no action for emergency relief be brought at all. Attorney Driscoll testified that he reported the content of his conversation with Attorney Davis to Attorney Daniels.
Attorney Driscoll and Attorney Davis did vigorously dispute whether Attorney Davis told Driscoll that she was willing to file an emergency action for custody in New Jersey. Davis testified that, despite her reservations about the wisdom of bringing such an action, she was prepared to file an application for emergency custody on behalf of Ms. CT Page 5012 Montalvo in New Jersey and that she so informed Driscoll. On January 15, 2001, Attorney Davis in fact had a pleading and an affidavit drafted seeking temporary custody of the minor children which she was prepared to file in New Jersey on the plaintiff's behalf. Attorney Driscoll testified that Attorney Davis expressly told him that she would not be willing to file such an action in New Jersey because of its potential adverse effect on Judge Peterson.
Ines Montalvo testified at the hearing that Attorney Davis told her that, if Montalvo intended to file an emergency petition seeking temporary custody, the action should be brought in New Jersey. At one point in her testimony, Montalvo stated that Attorney Davis did not say that she was prepared to file an emergency action on her behalf in New Jersey. At another point, Montalvo testified that she did not remember Attorney Davis saying that she was willing to file such an action. During the evening of January 15, Montalvo telephoned Attorney Davis and left a message on her voice mail informing her that she would be filing an emergency application for temporary custody in Connecticut.
Based on the evidence presented, I find that Attorney Davis expressly told Attorney Driscoll on January 15, 2001 that she was prepared to file an emergency petition for temporary custody on the plaintiff's behalf in New Jersey. Attorney Driscoll did not take Attorney Davis up on her offer because he believed that Connecticut had jurisdiction and because of her reluctance to file an emergency petition.
The trial court has the authority and the duty to enforce the standards of conduct governing the attorneys who appear before it. Bergeron v.Mackler, 225 Conn. 391, 397 (1993). "Judges of the Superior Court possess the inherent authority to regulate attorney conduct and to discipline members of the bar. It is their unique position as officers and commissioners of the court which casts attorneys in a special relationship with the judiciary and subjects them to its discipline." (Citations and internal quotation marks omitted.) Statewide GrievanceCommittee v. Presnick, 215 Conn. 162, 166 (1990).
The professional obligations of attorneys practicing within Connecticut are established by the Rules of Professional Conduct, which were adopted by the judges of the Superior Court in 1986. Kucei v. Statewide GrievanceCommittee, 239 Conn. 449, 451 n. 2 (1996). Rule 3.3(a)(1) of the Rules of Professional Conduct provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal. Rule 3.3(d) states that "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." A violation of the Rules of Professional Conduct by an attorney CT Page 5013 must be established by clear and convincing evidence. Statewide GrievanceCommittee v. Presnick, 215 Conn. 171-172, supra.
I find that it has been established by clear and convincing evidence that Attorney Daniels and Attorney Driscoll violated Rule 3.3(a)(1) and Rule 3.3(d) of the Rules of Professional Conduct.
Attorney Daniel's statement to the court that it was the opinion of Ms. Montalvo's counsel in New Jersey that an emergency application for temporary custody should not be brought in New Jersey for reasons concerning the judiciary there was false. Both Attorney Daniels and Attorney Driscoll knew it was false.[4] They both knew that Attorney Davis believed that no emergency application for temporary custody should be brought at all, but that if one were brought, she believed that New Jersey had jurisdiction and the application should be brought there. They also knew that, if necessary, she was prepared to file such an application in New Jersey. Attorney Daniels violated Rule 3.3(a)(1) by making the false statement to the court and Attorney Driscoll violated Rule 3.3(a)(1) by failing to correct that false statement when it was made to the court in his presence.[5]
The proceeding before me on January 16, 2001 was an ex parte proceeding in which the plaintiff was seeking a change in custody of two minor children. A fundamental issue at the hearing was whether the emergency petition should more appropriately be heard by the court in New Jersey in which a custody trial had been held and a decision was pending. Pursuant to Rule 3.3(d) of the Rules of Professional Conduct, Attorney Daniels and Attorney Driscoll had the obligation to inform me of all material facts known to them, whether or not adverse, which would enable me to make an informed decision. They failed to fulfill that obligation.
The statement made to the court by Attorney Daniels that it was the opinion of Ms. Montalvo's New Jersey counsel that an emergency petition should not be brought in New Jersey did not provide a complete picture of the opinions of Attorney Davis as they related to the appropriate forum for bringing an emergency petition in this case. Attorney Daniels failed to tell me that Attorney Davis believed that New Jersey had jurisdiction in this matter and that New Jersey, not Connecticut, was the appropriate forum for filing such a petition. He also neglected to inform me that it was Attorney Davis' opinion that no emergency petition should be filed at all. Finally, he did not tell me that, despite her reservations, Attorney Davis was prepared to file an emergency petition on Ms. Montalvo's behalf in New Jersey.
Rule 3.3(d) creates an enhanced duty of candor to the court for the special case of ex parte proceedings. G. Hazard W. Hodes, The Law of CT Page 5014 Lawyering: A Handbook on The Model Rules of Professional Conduct (2d Ed. 1990, 1994 Sup.) § 3.3:102, p. 579. The observance of that duty is especially critical in ex parte hearings deciding the custody of children because of the fundamentally important rights at stake.
The trial court has the discretion to determine what sanction, if any, to impose for the violation by an attorney of his professional obligations. Statewide Grievance Committee v. Shluger, 230 Conn. 668, 678
(1994). The purpose of any sanction is to safeguard the administration of justice and protect the public from misconduct, not to punish the attorney. Id., 674.
While the Rules of Professional Conduct do not set forth standards for determining the appropriate sanction for violations of its provisions, such standards have been established by the American Bar Association. See American Bar Association's Standards for Imposing Lawyer Sanctions (Standards), ABA-BNA Lawyers' Manual on Professional Conduct, pp. 01:801-54. I have consulted those standards in deciding the suitable discipline in this case.
The Standards for Imposing Lawyer Sanctions provide that the court should generally consider the following factors in imposing a sanction after a finding of lawyer misconduct: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. Id., § 3.0, p. 01-815.
In this case, Attorney Daniels and Attorney Driscoll violated their duties to the legal system. The obligations imposed on them by Rule 3.3(a)(1), to refrain from knowingly making false statements of material fact to the court, and by Rule 3.3(d), to fully inform the court in an ex parte proceeding of all material facts known to them, were obligations that were owed to the court.
Attorney Daniels and Attorney Driscoll knew that a false statement was made to the court. They also knew that they were not providing me with full and complete information about Attorney Davis' opinions on the appropriate forum to hear the emergency custody petition.
Had I known at the time of the ex parte proceeding the accurate and complete opinions of Attorney Davis — that she believed that New Jersey had jurisdiction over any application for temporary custody, that New Jersey was the appropriate forum to file such an application, and that she was prepared to file an emergency custody petition in New Jersey, I would have instructed the plaintiff to file her application for temporary custody in New Jersey and not have granted the emergency CT Page 5015 application providing temporary custody of the two minor children to the plaintiff. Fortunately, I only awarded custody to the plaintiff for four days and arranged to have the hearing on custody heard that same week in New Jersey. As a result, the harm was not as great as it could have been.
I have not been presented with evidence of any aggravating or mitigating factors that apply to this case.[6]
After careful consideration, I have determined that a reprimand is appropriate.[7] Public condemnation should be sufficient to send a clear signal to the attorneys here and to all other lawyers who practice in this jurisdiction that the conduct exhibited in this case undermines our system of justice and will not be tolerated. Accordingly, Attorney Douglas Daniels and Attorney Dennis Driscoll are hereby reprimanded for violating Rule 3.3(a)(1) and Rule 3.3(d) of the Rules of Professional Conduct.
BY THE COURT
Jon M. Alander